**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARTIN JENNINGS,

        Plaintiff,

vs.                                                      Case No. 3:13-cv-921-J-32JBT

POWERMATIC,

        Defendant.

## **ORDER**

This case is before the Court on plaintiff Martin Jennings' Motion to Remand (Doc. 4) and defendant Powermatic's Response to the Motion (Doc. 9). Plaintiff contends this case should be remanded because defendant has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

**I.    Background**

Plaintiff filed a complaint against defendant on June 3, 2013, in the Circuit Court of the Third Judicial Circuit for Columbia County, Florida. (Doc. 2). Defendant was served with the Complaint on July 10, 2013. (Doc. 1). According to the Complaint, Plaintiff suffered severe injury to his right hand when operating a table saw manufactured by defendant, leading to the amputation of his right index finger. (Doc. 2 p. 2-3). Plaintiff asserts three causes of action: negligence, strict products liability, and breach of implied warranty. (Doc. 2). The Complaint does not specify the amount of damages but provides that plaintiff's injuries have resulted in expenses for medical care and hospitalization that will continue in the future, "other economic losses," great physical and emotional distress, permanent

disability, disfigurement, lost wages, "general damages," and an adverse effect on his ability to engage in "normal and usual activities." (Doc. 2 p. 3-5). Defendant filed a Notice of Removal on July 31, 2013, (Doc. 1), after which plaintiff timely filed the present Motion to Remand (Doc. 4).

**II.     Analysis**

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To have original jurisdiction in this case there must be complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Because the parties do not dispute that they are citizens of different states, the only relevant issue is whether the amount in controversy exceeds $75,000. As the party seeking removal, defendant bears the burden of establishing jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Because removal jurisdiction raises significant federalism concerns, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

Defendant removed this action pursuant to 28 U.S.C. § 1446(b)(1), which allows a defendant to file a notice of removal within thirty days of receipt of the initial pleading.[1] In assessing the propriety of removal under § 1446(b)(1), the Court should first look to the Complaint. Leon v. First Liberty Ins. Corp., 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)). If the amount in controversy is indeterminate based on the Complaint then the Court may look to the Notice of Removal, along with other relevant evidence such as affidavits or declarations. Id. "If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, the court must remand the matter." Evans v. Zurich American Ins. Co., No. 3:12-cv489/MCR/EMT, 2012 WL 6061061, at *1 (N.D. Fla. Dec. 5, 2012).

Defendant relies solely on plaintiff's Complaint in asserting that the amount in controversy is "reasonably believed to exceed $75,000" because of the severity of plaintiff's injuries and the type of damages plaintiff seeks.[2] (Doc. 1 p. 3; Doc. 9 p. 5-6). While

---

[1] Defendant incorrectly asserts removal based on receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable," which falls under § 1446(b)(3) rather than § 1446(b)(1). Defendant may have invoked that provision thinking it could not assert removal under § 1446(b)(1) because defendant received the Complaint more than thirty days after plaintiff had filed it. However, the thirty-day period under § 1446(b)(1) is triggered when the defendant receives the Complaint by formal service, not when it is filed. Murphy Bros., Inc. V. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351-56 (1999). Thus, the Complaint is not an "other paper" under 1446(b)(3), and instead defendant removed the case within thirty days of service.

[2] In the Notice of Removal defendant states that "[a]lthough no specific dollar amount is alleged, Plaintiff claims damages are in excess of $75,000." (Doc. 1 p. 3). Defendant asserts this as fact but provides no supporting citation. In the Motion to Remand plaintiff responds that "Jennings has come to realize that his original state court Complaint dropped reference to money damages. That's a mistake; for purposes of this motion, Jennings acknowledges that his Complaint's 'amount in controversy' exceeds $15,000." (Doc. 4 p. 3).

3

defendant correctly points out that a court may use reasonable deductions and common sense in determining whether the jurisdictional threshold has been met, there must first be supporting evidence to do so, and a court may not speculate or guess. Harper v. Marriot Hotel Serv. Inc., No. 3:12-cv-1098-J-12MCR, 2012 WL 6061726, at *2 (M.D. Fla. Dec. 6, 2012).

Here, the Court has nothing on which to base its determination except a brief description of the injury and a general statement of resulting harms. As other courts in this District have noted, "[R]esultant pain, medical expense, loss of earning, loss of the enjoyment of life, and other vague assertions do not convince the Court that the jurisdictional requirements have been met . . . . [T]hese categorical assertions of loss inhere in almost every tort complaint, convey no fact, and certainly establish no amount in controversy."[3] Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2001 WL 36518834, at *2 (M.D. Fla. June 19, 2013) (citations and internal quotations omitted); see Castro v. BP Products of North America, Inc., 8:11-cv-2188-T-23TBM, 2011 WL 9134010, at *1 (M.D. Fla. Oct. 7, 2011) ("[A] conclusory listing of diverse harms fails to overcome the presumption against federal jurisdiction."); Beal v. State Farm Mut. Auto. Ins. Co., No. 3:12-cv-703-K-12JBT, 2012 WL 4049516, at *3 (M.D. Fla. 2012) (noting that two car accident victims' claims including bodily injury, disability, disfigurement, expense of medical care, loss of

---

Nowhere in the Complaint, however, does plaintiff ever state that damages are in excess of $75,000, despite plaintiff seemingly admitting to doing so. Defendant also does not raise this point again in its Response to plaintiff's Motion. The Court thus accords it no weight.

[3] The three District Court cases defendant cites to support its position are not binding on this Court and are not persuasive given the precedent cited herein. (Doc. 9 p. 6).

ability to earn money, and aggravation of a previously existing condition were "nothing more than a general description of the types of damages Plaintiffs claim to have suffered" and did not establish an amount in controversy).

The Court acknowledges that plaintiff has alleged a serious injury, but in this case that injury, in and of itself, does not establish that the amount in controversy exceeds $75,000. See Lambertson v. Go Fit, LLC, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) ("Plaintiff's Complaint alleges . . . near complete blindness in one eye and partial vision loss in his other eye. This Court will not speculate as to the amount of damages . . . and cannot expect Defendant to have done so where the pleading itself states only that the amount in controversy exceeds $15,000."); Mullaney v. Endogastric Solutions, Inc., No. 11-62056-CIV, 2011 WL 4975904, at *2 (S.D. Fla. Oct. 19, 2011) (noting that defendant could not establish the amount in controversy by only pointing to allegations of "surgical intervention that required additional life saving medical treatment" and "serious, permanent, and disabling injuries" in the complaint).

In some cases it may be "facially apparent" that a complaint meets the amount in controversy, even when the amount of damages is not specified. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted).[4] Where, as the Court

---

[4] Roe, which defendant cites in its Response, involved a wrongful death action seeking punitive damages under Alabama's Wrongful Death Act. Roe, 613 F.3d at 1059. Though Roe's directive to use "judicial experience or common sense in discerning whether the allegations in a complaint [are] facially establish[ed]" is not limited to wrongful death actions, the facts of that case are certainly more indicative of meeting the jurisdictional threshold than the facts of this case. Id. at 1065; see Angrignon v. KLI, Inc., No. 08-81218-CIV, 2009 WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) ("[C]omplaints in wrongful death actions are more probative than those involving severe injuries in evaluating the amount in controversy. In a

finds here, the amount in controversy is not facially apparent from the Complaint, the nature of plaintiff's injury and resulting harms may still provide some evidence of the amount in controversy.  However, when concluding that removal is appropriate, courts rely on substantiating evidence in addition to such allegations.  See, e.g., Diaz v. Big Lot Stores, Inc., No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) (finding that allegations including disfigurement, disability, and loss of ability to earn money were not dispositive of the amount in controversy but were enough to deny remand when considered with a settlement letter specifying over $75,000 worth of medical expenses); Yetter v. Amica Mut. Ins. Co., No. 6:13-cv-972-Orl-31DAB, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (concluding that defendant had satisfied the evidentiary burden by considering plaintiff's categorical list of damages in conjunction with plaintiff's repeated demands for $100,000 and her Civil Remedy Notice filed with the state detailing a future need for spinal surgery).  Here, there is no substantiating evidence, and the bare allegations of the Complaint do not support defendant's jurisdictional burden.  See Beal 2012 WL 4049516, at *3.[5]

### III.   Conclusion

With all doubts resolved in favor of remand, the Court finds that defendant has not proven the amount in controversy by a preponderance of the evidence.

---

case involving injury a court will be forced to speculate regarding the duration, extent or severity of the harms alleged when a defendant removes on the basis of nothing more than the complaint.").

[5] There appears to be some confusion over defendant's name.  In the Notice of Removal defendant asserts that plaintiff has improperly named it as Powermatic Corp., and states that defendant's proper name is Walter Meier (Manufacturing) Inc. (Doc. 1).  The parties should resolve this matter in state court after remand has been effected.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**.  The case is remanded to the Circuit Court of the Third Judicial Circuit for Columbia County, Florida.  After remand has been effected the Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

K.
Copies:

counsel of record